**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6978**

_____

SCOTT RANDALL REICH,

        Petitioner - Appellant,

    v.

EDDIE M. BUFFALOE, JR., Secretary of the North Carolina Department of Public Safety,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:21-cv-00083-MR)

_____

Submitted:  January 17, 2023                    Decided:  January 20, 2023

_____

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Scott Randall Reich, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Randall Reich seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition as an unauthorized, successive § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 10, 2021. Reich filed the notice of appeal on August 18, 2022.[*] Because Reich failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Reich could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).